Moving on, we will now hear the case of Hawley v. Farm Bureau, number 19-2183. We'll start with counsel for appellant, Ms. Holt. Good morning, your honors. My name is Corinne Holt and I am here on behalf of appellant John Hawley. I'm going to try to reserve three minutes of my time for a rebuttal. Now, Mr. Hawley appealed from the grant of summary judgment in the District Court of New Mexico in favor of his insurer, Farm Bureau. Mr. Hawley purchased motor vehicle coverage from Farm Bureau in 2013 with limits of $100,000 per person and $300,000 per accident for six vehicles on the policy. On January 4th of 2013, Mr. Hawley signed the uninsured underinsured motorist coverage selection without rejecting any available UM or UIM coverage. On the same day, Mr. Hawley signed the intra policy stacked uninsured underinsured motorist coverage for rejection, rejecting stacked UM coverage and instead selecting non stacked UM coverage. Following purchase of the subject policy, Mr. Hawley was rear ended in a violent motor vehicle accident on October 27th of 2015 suffering personal injury. Now, with approval of Farm Bureau, the tortfeasor paid her coverage limits of $25,000 and subsequently Farm Bureau paid the non stacked limits of $100,000 minus the offset for the tortfeasor's insurance of $25,000 for a total payment from Farm Bureau to Mr. Hawley of $75,000. Now, the question is whether the intra policy stacked uninsured underinsured motorist coverage rejection, which I will refer to as the stacking rejection form complied with New Mexico law to effectively preclude Mr. Hawley from stacking under the insurance policy. Now, the stacking rejection form informs the insured. You have the option to reject intra policy stacked coverage and instead purchase non stacked UM coverage. Intra policy stacked UM coverage refers to combining the UM coverage limits for you and members of your household for each vehicle specifically insured for UM coverage under the policy. Following that prelude, Mr. Hawley was given two options. The first option, I request intra policy stacked UM coverage. The second option, I reject intra policy stacked UM coverage and instead select non stacked UM coverage. Mr. Hawley chose the second option. Now, the stacking rejection section is void of any further information. The separate UM UIM coverage selection section provided four options. The first was a complete rejection of UM UIM coverage. The second was for UM UIM coverage at limits of $2,550 and then to $5,100 and then the fourth selection at the liability limits of $100-$300. And is that variation of options on UM and UIM coverage required by statute, by law? So, the law doesn't require us which specific options are required, but there's no argument here that the UM UIM rejection form was invalid because nothing under the UM UIM coverage section was rejected. It was all accepted. Mr. Hawley selected the highest limits he could consistent with his liability policy limits. And so, my question is when you get on the form to the section with the stacked part of the form, is there anything statutorily that would have required the insurer to offer a stacked option vehicle by vehicle as opposed to by policy? So, where the this court has a yes or no question. Sure, is it is it written into the statute? The answer to that would be no. However, is it written into New Mexico law? We are asking this court to find that it is and the court could I ask just a related question? Of course. That goes even a little further than Judge McHugh's. Does New Mexico law require insurers to offer stacked UM UIM coverage at all? Yes, Your Honor. It is according to the Montano case, stacked coverage is defaulted into the policy without a rejection. Defaulted, but do they have to offer it in the first place? Montano, the question is whether whether it was adequately explained and if whether it was properly rejected. But, what if it's not there at all? Well, where in New Mexico law is an insurer required to offer stacked coverage? Didn't Ullman suggest that insurers don't have to do that? Well, no, Your Honor. I mean, I think that's Montano said if there's policy defaults to stacked coverage and the only way for an insurer to get around that is to provide a separate comprehensive rejection of such coverage. But, what Montano said was they weren't gonna that they refused to declare all anti-stacking clauses void as against public policy, right? That is true, yeah. So, you could an insurer in New Mexico could say we're not offering anti-stacking coverage. Well, what Montano says is that and insurers were doing that before Montano and the court appreciated in Montano, look, keeping it in the policy language is not working. It's not effective for the insurer or the insured who would prefer to opt out of stacked policy coverage for it for the Montano court wanted to allow an opportunity for an insurance company to effectively avoid stacked coverage and the insured to effectively avoid stacked coverage if that was their wishes and the Montano court gave direction that said the only way to do this is to have a separate comprehensible and written but what they say is that you have to reject in writing all or some of the offered coverages. Isn't that an important distinction here? I mean in Montana the saying you know if you can't if the anti-stacking is void and you have and you're offering coverage then this is how if you're offering coverage you would you would make sure that the insured understands what they're your argument here presupposes that an insurer must get a rejection of every possible permutation of stacked coverage whether or not the insurer chooses to offer that. Am I understanding your position correctly? Well, so that position reads into the Weed Warrior and Jordan cases read with Montano which had to be addressed in the briefing because it was in Farm Bureau's briefing however the the real easy route for this court not to get involved in that is to follow the New Mexico Supreme Court case of Montano and significantly Montano has never been overturned and is the only New Mexico case where the Supreme Court specifically addresses the issue of rejection of stacking coverages under a UM UM policy and so the court did say in in Montano a page of paragraph 18 the solution is to treat stacked coverage as extra coverage for which the parties have contracted. So the court is saying there yes when someone purchases an insurance policy with multiple vehicles it is now part of New Mexico law that we are going to read into that coverage as stacked coverage and which the parties have for which the parties have contracted. I'm confused by this doesn't Montano Montano presuppose that the insurance policy includes stacked coverage and then the insurer would have to obtain a written rejection to limit liability but if they don't offer stacked coverage in the first place then where does that leave us? Well Montano takes that option away from the insurance company. The solution that they said was to treat stacked coverage as an extra coverage for with which the parties have contracted so they're reading it into every contract. They're reading it in they're reading it in if there's not a valid rejection. Correct. That's when they read it in don't they? Yeah absolutely that's what Montano says every policy has stacked coverage. How would you reject something that wasn't there in the first place? Well it's always there if you have a policy coverage with multiple vehicles on it Montano says that's a stacked policy and the only way to avoid that stacked policy is for a specific is if the insurance company undertakes the burden of obtaining that separate rejection of the stacking. Well how does it follow then that the insurer needs to offer stacked coverage on a per vehicle basis and offer all the permutations and combinations as Judge McHugh was referring to? Where do you get that from Montano? So I don't believe that Montano makes that requirement right and and Montano continued on to give isn't that don't you need to make that argument to prevail in this case? No if you look at the stacking rejection section of the form the only options that Mr. Hawley was given on the stacking rejection portion is to stack or not stack. There's nothing else in that form there's no premiums there's no other vehicles listed. If you go to section 2 which is the stacking rejection section it's stack or don't stack. So you're saying that even if they could have limited his choice to stack or don't stack they would have had to spell out how that affected the premium? Well I think that Montano says that they can't limit the choice to just stack or no stack. The court continued on to give direction on how they saw a proper rejection form to look and there's. Are you now moving to the illustration that was provided in Montano? Yes your honor and and there is argument that this is simply an illustration but whatever you call it. Well well it doesn't that make a I mean there's an illustration turn into a mandate. How does the illustration of an insurer offering per vehicle stacking coverage mandate per vehicle standing coverage? It's just an illustration. Well in their illustration they do say that when you have a multi-vehicle policy the insurer shall declare the premium charge for each of the vehicles and it continues to say that the insured should be given the option to reject all or some of the offered coverages which suggests that it can't just be a stack or non stack option. They have to have an opportunity to accept or reject some options. It's all or some of the offered coverage so if the insurer doesn't offer vehicle by vehicle then they don't have to spell it out as in this illustration do they? Well sure and leaving it up to the insurance companies what options they choose to offer to the insureds would be against New Mexico public policy. New Mexico public policy is to expand the UM-UIM coverage and if the insurances are just given the opportunity to not provide coverage then they that they don't want to provide then Montaño wouldn't have even been an issue. Ms. Hall but by my count this policy's table of coverage levels and stacking options presented Mr. Hawley with seven different choices of UM-UIM coverage levels and stacking. Why wouldn't that range of choices be consistent with New Mexico public policy? So there's two sections to the rejection form in this case. Section one is in UM-UIM coverage rejection altogether. Mr. Hawley did not reject any coverage under section one and then he signed section one completed it and moved on to section two. Let me put it this way how many choices would there be if all possible permutations for a six vehicle policy were presented to Mr. Hawley? How many options would there have been under that circumstance? I haven't even been able to do the math. So it all we're saying is that no I'm just asking it do you have a number? Wouldn't wouldn't we have just a long page by page by page by page list of options under those circumstances? And it's a good concern but no that's not what you would have. So in the rejection of stacking form there's no options other than stack or don't stack. So what's also important from the Montano case is the reference to payment of multiple premiums and counsel counsel you're you're you've you've run out of time do you want to finish this thought and then we'll move on to appellee counsel. Sure thank you very much for your time thank you very much for your time and I'm going to turn it over to Mr. Hawley to talk about some of the cases that are currently pending before the New Mexico Supreme Court Olman, Loris, and Van Epps they're not necessary because all of those cases focus on rejection of UMUM a UIM coverage only not stacking. Montano is the only New Mexico Supreme Court case that focuses on stacking and per this court's decision in Jaramillo there are two separate forms two separate ideas that need to look at be looked at separately. So thank you very much for your time. Thank you counsel. Ms. Allen. Good morning your honors may please the court. The appellant challenges the district courts grant of summary judgment in favor of Farm Bureau on three grounds. One whether Farm Bureau obtained a valid rejection of stacked UMUM coverage under New Mexico law in a multi-vehicle policy. The answer is yes. Farm Bureau offered UMUM coverage provided premiums corresponding to the various levels of coverage and obtained a valid rejection when the appellant rejected stacked coverage. That set forth in page 1 of 2 in the selection rejection form referred by Ms. Holt. On page 1 of the form there is available UMUM coverage beginning with a total rejection up to the hundred thousand per person three hundred thousand per accident limits and you've got two columns. The first column are the premiums for non-stacked coverage. The second column are the premiums for stacked coverage. The second issue raised by appellant was did the Farm Bureau stacked coverage rejection discourage the purchase of stacked UMUM coverage in contravention of the New Mexico public policy? The answer is no. There is nothing in the record other than argument of counsel that the appellant was discouraged from purchasing any coverages from twenty five thousand fifty stacked to hundred thousand three hundred thousand per accident. Ms. Allen? Yes your honor. Looking at section 2 of that form is there a difference in the cost the premium cost if I check inter-policy stacked UM coverage versus I reject? Yes your honor. How would I know as the insured when I'm looking at that form how much money it would cost me to have stacked coverage? Yes your honor. If Mr. Hawley selected the first part I request inter-policy stacked UM coverage then it flips back to page 1. If he had selected the non-stacked he would have paid seven hundred and twenty six dollars and fifty six cents which is the stacked UM comparable policy. But he picked the non-stacked and paid two hundred and seventy four dollars and sixteen cents. That's how he would have known that that's what it would have costed him to purchase stacked coverage. And did he have an option to stack vehicle by vehicle? No your honor. That's because in this case Farm Bureau issued a multi-vehicle policy. So the option as Ms. Holt correctly argued before the court was the appellant could have rejected stacking. He could have purchased stacked coverage. If he had purchased stacked coverage then he would have had to stack all the vehicles on the policy and paid seven hundred and twenty six dollars and fifty six cents. In this case he purchased uninsured underinsured motorist coverage. He just chose not to stack it. The third argument raised by counsel was just one other related question. Was was Mr. Hawley charged separate premiums for each of his vehicles? Your honor. The basic insurance. That's correct your honor. It is an argument that Ms. Holt raised in her reply brief. It was not raised in the arguments made by counsel before the district court. And there is no evidence whatsoever that multiple premiums were charged. There was a single premium charged for UM coverage. There was not there were no multiple. I'm talking about not the UM coverage but but the the liability coverage. Was Mr. Hawley charged separate premiums for each of his vehicles under the policy? For liability coverage? Yes. Bodily injury? Yes. All right. If so why shouldn't he be permitted to stack his coverage per vehicle under Montano? Montano. Because Montano as the court correctly pointed out earlier provides an illustration as to its holding. Montano is not a requirement that requires insurance companies to sell stacking on a per vehicle basis. It so happened that Montano was a per vehicle policy. But Farm Bureau doesn't sell a per vehicle policy. It is a multi vehicle policy. In a multiple multi vehicle policies the options were to buy stacked or non stacked coverage. And Montano does not mandate or require that they have various levels of UM stacking in the two layers of non stacked versus stacked. That's the reason why you don't have to under Montano pay for or sorry the insurance company has to offer the various levels of intermediate coverages. Montano doesn't stand for that proposition and just because the insured paid for liability coverage per vehicle then that's a completely different analysis. Because in for UM purposes the way I think of it as it's like wearing a backpack even though he purchased UM coverage it's not related to a vehicle. The insured can be walking down the street if he gets hit by an uninsured motorist he gets UM coverage. If the insured is in somebody else's vehicle for example and he gets struck he gets uninsured motorist. Uninsured motorist in New Mexico is not tied to a vehicle it's just uninsured motorist coverage. Whereas liability coverage is tied to a vehicle down the street not a Farm Bureau insured vehicle and he was the cause of the collision then Farm Bureau doesn't have any duty under New Mexico law to provide liability coverage because he was not operating a Farm Bureau insured vehicle. Therein lies the fundamental difference between charging premiums per vehicle for liability coverage versus charging a single premium for either stacked or non stacked coverage under uninsured motorist coverage in New Mexico. The third argument raised by appellant was did the district court earn granting summary judgment based upon non-binding federal New Mexico case law and the answer again is no because it is argument of counsel there is no evidence that New Mexico law is under any type of scrutiny. In fact we have well established case law in New Mexico not only under Montano but the very argument made by appellant in this case is an New Mexico policyholders in various other cases and in all of those cases which are which are some of which are pending before the New Mexico Supreme Court the appellate courts have soundly rejected the illustration argument made by appellant in this case. Counsel could I just ask you about those pending cases I understand Allman and Luares are currently pending before the New Mexico Supreme Court is that correct? Your honor it is my understanding that Allman has been pending since 2017 the Luares case and the Van Epps case is also pending before the New Mexico Supreme Court both of those since 2018. All right and my question to you is that given this is a question of New Mexico state law and we have these cases pending before the New Mexico Supreme Court should this court hold off and get the benefit of those decisions before we decide your case? The answer your honor is no and that's because abstentation would be inappropriate here because this case does not involve uncertain issues of law Montano is very clear and the in fact this very issue is not a stranger before this very court this very court has ruled on this issue in a case called Jaramillo versus Geico this court chose not to stay the Jaramillo decision this court in fact ruled in favor of Geico in Jaramillo based upon Montano and Jordan and the weed warrior line of cases furthermore the as we cited in our answer brief the absentation doctrine applies only when there are fundamental and important questions of state law and policies where the state courts are required to answer those in the first instance the state court has already answered this Montano is the law and courts interpreting Montano since Montano have all upheld or ruled in favor of the insurance companies including Luedas Van Epps and the almond decisions the Jaramillo Geico 10th for Farm Bureau and the general proposition as to whether or not multiple each vehicle in a multi-vehicle policy requires a separate stacking permutation coverages calculations so under the Pullman abstentation doctrine the various prongs are not met or satisfied here they are uncertain issue of state law this case does not involve a federal constitution claim the state issues are amenable to interpretation and such an interpretation obviates the need for or substantially narrows the scope of a constitutional game we don't have that here an incorrect decision of the state law by the district court would hinder important state law policies that's not an issue here either and furthermore your honor there is no guarantee that the state Supreme Court while the state court has granted a writ of certiorari can't quash it tomorrow so why wait for the state Supreme Court to issue its ruling when the case is decided and the state Supreme Court at any time can't quash it therefore I think this issue is ripe before this court and this court has before it not only the Jaramillo decision which interpreted Montaño Jordan and the Weed Warrior cases but also the bannocks the omen and the Loretta's decision all of which are binding case law even though the writ of certiorari at present has been granted distilling the appellants arguments to the core in this case is does it violate New Mexico law to offer stacked coverage on all vehicles or no stacking or as the plaintiffs have often referred to all or nothing basis Farm Bureau offers a multi-vehicle policy providing choices the choices are you either reject this stacked coverage or you buy stacked coverage if appellant had chosen to he could have purchased a lower limit not the same equal hundred thousand that he bought in liability coverage that he chose so he could have bought lower limits and but stacked coverage if you wanted more coverage he had the options he chose to buy the coverage that he did the form itself is not ambiguous the form complies with Montaño the form provides various premium levels for the various options so the form complies with Montaño we don't believe that the Jordan or the Weed Warrior analysis applies here because Jordan and Weed Warrior services was decided under the umbrella of if an insured buys UM coverage lower than the liability limits that is deemed a rejection of some UM coverage therefore you've got to satisfy the four prongs of Jordan and Weed Warrior services so we don't believe that in this stacking case Jordan and Weed Warrior services apply however if the court were to disagree with me and find that it does apply and that we do need to satisfy Weed Warrior and Jordan then if you look at the form it goes to show that Farm Bureau did actually in fact satisfy the four pronged Weed Warrior analysis for example Weed Warrior as Jordan requires us to offer the insured UM coverage equal to the liability limits it was done Weed Warrior insurance company to provide information regarding corresponding premium charges for each available level of coverage Farm Bureau did that Jordan requires a written rejection of UM coverage equal to the liability limits by the insured in this case it doesn't apply because he bought the same level of coverages but if you transfer that to a stacking issue we did obtain a written rejection of stacking even though it doesn't have to be in writing it just has to be a I'm sorry even though it doesn't have to be signed it just has to be a written rejection and in this case the appellant actually signed the form number four and incorporation of that rejection into the policy so the insured may fairly reconsider his decision that was done that was done by incorporating that the insured had rejected stacked coverage on the declaration pages itself therefore even if Weed Warrior services and Jordan were to apply Farm Bureau complied with all four prongs of the test council also argued in the briefing that Farm Bureau selection rejection form is not informative it discourages policyholders from purchasing coverage that they want again that is argument of council there is nothing in the appellate record before the court that indicates that Farm Bureau either encouraged or insured from purchasing the coverages that they want the form is clear it is illustrated and it explains the various coverages it was incorporated into the policy that was delivered to the insured and therefore the argument that Farm Bureau selection form is or discourages insured from buying coverage is without merit I see that my time is running close to being done your honor for all the reasons that we've argued in our briefing for all the reasons that we've argued here today we believe that the district courts ruling should be affirmed summary judgment was proper in favor of Farm Bureau Farm Bureau complied with all the requirements of Montano and the court should affirm the ruling thank you thank you to both counsel for the arguments presented this morning this case will be submitted and counsel are excused